# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION, CINCINNATI

| | |
|---|---|
| STEVEN ADAY | : |
| : | Case No. 1:18-cv-00405 |
| Plaintiff, | : |
| : | Judge Susan J. Dlott |
| vs. | : Magistrate Judge Litkovitz |
| : | |
| WESTFIELD INSURANCE CO., et al., | : **STIPULATED PROTECTIVE ORDER** |
| : | **REGARDING CONFIDENTIAL AND/OR** |
| Defendants. | : **CONFIDENTIAL ATTORNEYS' EYES** |
| : | **ONLY MATERIAL** |

IT IS HEREBY ORDERED, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, that the documents and other information, including the substance and content thereof, produced or otherwise disclosed by any party or non-party in discovery in this litigation, shall be subject to the terms and provisions of this Agreed Protective Order as follows:

1. This Protective Order shall govern any documents, written or recorded matter, interrogatory answers, requests to admit and responses thereto, physical items, deposition testimony or other discovery material produced by parties and non-parties during the pretrial discovery stage of this action. In connection with pretrial discovery proceedings in this action, the producing party may designate any document, thing, material, testimony or other information derived therefrom, as "Confidential" or "Confidential: Attorneys' Eyes Only" (either or both being referred to as "Confidential Material") if such material contains or is a trade secret or other confidential research, development, or commercial information, or is otherwise protectable under Ohio law or other applicable law. Such denomination constitutes a representation that counsel believes in good faith that the information constitutes Confidential or Confidential: Attorneys' Eyes Only information. The parties and non-parties shall make a good faith effort to designate

information so as to provide the greatest level of disclosure possible, but still preserve confidentiality as appropriate. Production of documents or other information does not constitute a waiver by the producing party of any objection as to the admissibility of such material.

(a) Confidential documents shall be so designated by stamping copies of the document produced to a party with the legend "Confidential" or "Confidential: Attorneys' Eyes Only." These legends shall be stamped as close to the Bates-number as is practical, or, in the case of documents without Bates-numbers, as close to the lower right hand corner of the document as is practical. In the case of documents containing multiple pages, each page of the document that is deemed as Confidential or Confidential: Attorneys' Eyes Only shall be so stamped. Documents made available for inspection or review need not be so designated until such time as the reviewing party designates them for copying and production.

(b) As used in this Protective Order the term Confidential: Attorneys' Eyes Only means any document or information supplied in any form, or any portion thereof, which the producing party or non-party reasonably believes to be so competitively sensitive that its disclosure to existing or potential business competitors, medical associations or contracting providers, their health care consultants or other persons working for or on their behalf, would materially affect the business, commercial, or financial interest of the producing party or non-party.

2. The term "Confidential Information" shall include any documents, information, materials, testimony or other things disclosed or produced in this action which constitute or contain trade secret or other personal, private, and/or confidential commercial or personal information not generally available to the public through prior publication or other lawful means. Designation as Confidential Information may be made in any reasonable manner

calculated to give notice of an intention that such type or classification of information must be treated as confidential, including all methods appropriate to the form in which the Confidential Information is made available to the parties to this action. No designation shall be made unless counsel for the designating party believes that the designated material is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure.

3. (a) Material marked "Confidential" pursuant to this Protective Order may be disclosed or made available only to the Court and its staff (including court reporters), to counsel for a party (including the paralegal, clerical, and secretarial staff employed by such counsel), to testifying witnesses (whether at deposition or otherwise, during the prosecution and/or defense of this action), and to the "Qualified Persons" designated below:

    (i) a party, or an officer, director, or employee of a party deemed reasonably necessary by counsel to aid in the prosecution, defense, or settlement of this action;

    (ii) outside experts or consultants retained by such counsel to assist in the prosecution, defense, or settlement of this action;

    (iii) employees of firms engaged by the parties for purposes of photocopying, electronic imaging or computer litigation support in connection with this litigation; and

    (iv) any person who may possess relevant information or who may testify as a witness at a deposition, hearing, mediation, trial, or other proceeding in this action, and for the purpose of assisting in the preparation or examination of the witness.

(b) Material marked "Confidential: Attorneys' Eyes Only" may be disclosed or made available only to the Court and its staff (including court reporters), to counsel for a party (including the paralegal, clerical, and secretarial staff employed by such counsel).

(c) Prior to receiving any Confidential Material, each "Qualified Person" designated herein shall be provided with a copy of this Protective Order and shall execute an Agreement to Maintain Confidentiality in the form of "Attachment A." Counsel for the party seeking to disclose Confidential Material to any Qualified Person pursuant to this paragraph shall be responsible for retaining the executed originals of all such acknowledgments until such time as the certification required by paragraph 1(c) is provided.

(d) To the extent a deponent testifies about subject matter that a party might properly designate as Confidential Material, counsel for an affected party may designate that portion of the testimony, or the exhibit or both, as Confidential or Confidential: Attorneys' Eyes Only pursuant to the Agreed Protective Order, either at the time of the deposition or by letter postmarked or faxed within thirty (30) calendar days after receipt of the deposition transcript. If such a designation is made at the time of the deposition: (i) only persons permitted access to Confidential or Confidential: Attorneys' Eyes Only, respectively, may be present for that portion of the testimony; (ii) the court reporter shall mark the cover page of the transcript as "Confidential Subject To Protective Order"; and (iii) the entire transcript shall be treated as Confidential or Confidential: Attorneys' Eyes Only pursuant to this Protective Order until Designating Counsel timely identifies the portions subject to the designation. By letter postmarked, faxed or electronically transmitted within thirty (30) calendar days after receipt of the deposition transcript, a party shall identify the pages, and lines of the transcript and the exhibits that it is designating as Confidential or Confidential: Attorneys' Eyes Only pursuant to

the Order, and only those designated portions and exhibits shall thereafter be treated as Confidential pursuant to the Order. If the Designating Counsel fails to timely provide such identification any claim of confidentiality shall be deemed waived.

4. Inadvertent production of any Confidential Information, without it being designated as such, shall not be deemed a waiver of any subsequent claim that the type or classification of information at issue is Confidential Information and subject to this Agreed Protective Order. If a party or non-party inadvertently produces Confidential Information without designating it as such, it may be disclosed other than as restricted in paragraph 4 hereof until the receiving party or parties are notified of the error, after which it shall be treated as Confidential Information. If Confidential Information is disclosed to anyone other than in a manner authorized by this Agreed Protective Order, the party responsible for such disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of the producing party or non-party and make every effort to prevent further disclosure.

5. Nothing in this Agreed Protective Order shall be deemed a waiver of the producing party or non-party's right to (a) oppose discovery on grounds other than the discovery sought constitutes or contains Confidential Information, (b) seek further or other protection than that which this Agreed Protective Order proscribes with respect to Confidential Information, or (c) object on any ground to the admission in evidence, at any trial, hearing or public proceeding in this matter, of any type or classification of information produced or disclosed pursuant to this Agreed Protective Order. All persons in possession of Confidential Information shall exercise reasonable and appropriate care with respect to the storage, custody or use of Confidential Information in order to ensure that the confidential nature of such type or classification of information is maintained.

6. Nothing in this Agreed Protective Order shall be construed to authorize a party to file Confidential Information under seal. A party who wishes to file a pleading, motion or other paper or thing and/or submit Confidential Information during the adjudication of this matter ("filings") shall first file a motion to file Confidential Information under seal. The motion to file Confidential Information under seal shall set forth all reasons and bases as to why certain documents, materials and/or portions thereof should be sealed. The Court shall determine if filing Confidential Information under seal, in whole or in part, is justified and shall set forth specific findings and conclusions authorizing the party to file Confidential Information under seal only to the extent necessary. Any filings ordered under seal shall be kept sealed until the further Order of this Court; however, such filings shall continue to be available to the Court and to such persons permitted access to such filings under this Agreed Protective Order.

7. Within forty-five (45) days after the conclusion of this action and any appeal therefrom, whether by settlement, dismissal, or final judgment, or when time for all appeals has expired, whichever is longer, the parties and their attorneys shall return to the producing party or its counsel or destroy all Confidential Information produced pursuant to this Agreed Protective Order and all summaries, reproductions, notes, extracts and excerpts therefrom, except for a single copy which counsel may retain. The parties shall further request all of their witnesses, potential witnesses and expert witnesses to return, and such persons shall be obligated to return, all Confidential Information produced or disclosed to them pursuant to this Agreed Protective Order, and all notes, reproductions, summaries, extracts and excerpts prepared therefrom. Alternatively, the parties, their counsel, witnesses, potential witnesses and expert witnesses may certify to the producing party within the same period that the Confidential Information in every form produced or recorded has been destroyed.

8. Nothing in this Agreed Protective Order shall be construed to direct any party, its counsel, or its experts or agents to return to the producing party those portions of any summaries, reproductions, notes, or extracts made by them from the items produced which reflect or contain the mental impressions, conclusions, opinions, or legal or professional theories of an attorney or other representative of a party concerning the litigation.

9. Nothing in this Agreed Protective Order shall be deemed a waiver of any party's right to object to the producing party's designation of an item as Confidential Information and to seek an order lifting the requirements of this Agreed Protective Order for each such item to which an objection to confidentiality has been made. Any item as to which an objection to confidentiality has been made shall be treated as Confidential Information unless and until the objecting party (a) obtains written permission from the other party and the producing party to do otherwise, or (b) obtains an order of this Court finding that the document(s) is(are) not confidential and not subject to this confidential treatment.

10. In addition to the above restrictions, any party shall have the further right to designate Confidential Information relating to or comprising proprietary technical data or process information regarding current commercial products that has been maintained by the disclosing party as protected trade secret information; product profit data and projections; financial data of the parties; and technical information relating to business and/or process; and financial documents, as being produced subject to this Agreed Protective Order. All such items of Confidential Information so designated shall be treated as Confidential Information with the exception that the persons described in paragraphs 3(b) and (e) shall not be permitted access to any Confidential Information designated as being produced subject to this Agreed Protective Order. The persons described in paragraph 3(f) may have access to Confidential Information

designated as being produced subject to this Agreed Protective Order only if such persons are not and have not been directors, officers, employees, consultants, representatives or relatives of any of the parties hereto.

11. Nothing in this Order shall prevent any party from seeking amendments broadening or restricting the right of access to or the use of Confidential Information or otherwise modifying this Order.

12. Nothing in this Order shall be construed to diminish the obligations, which any party owes or may owe to a non-party pursuant to any other agreement, Order or applicable law.

**IT IS SO ORDERED.**

**BY THE COURT:**

_Karen L. Litkovitz_
U.S. Magistrate Judge

**AGREED:**

| | |
|---|---|
| /s/ Emily Supinger | /s/ Stephen A. Simon |
| Emily Supinger (0074006) | Stephen A. Simon (0068268) |
| Theresa L. Nelson (0072521) | Tobias, Torchia & Simon |
| Steven E. Schilling (0086897) | 414 Walnut Street |
| Strauss Troy Co., LPA | Suite 321 |
| The Federal Reserve Building | Cincinnati, OH 45202 |
| 150 East Fourth Street | Tel: (513) 241-8137 |
| Cincinnati, Ohio 45202 | Fax: (513) 241-7863 |
| Phone: 513-621-2120 | E-mail: steves@tktlaw.com |
| Facsimile: 513-241-8259 | |

Email: etsupinger@strausstroy.com
    tnelson@strausstroy.com
    sschilling@strausstroy.com

*Attorneys for Defendants Westfield Insurance Company and Ohio Farmers Insurance Company*

*Attorney for Plaintiff Steven Aday*

13040883_1.docx

# EXHIBIT A

I hereby declare that I am to receive Confidential Information pursuant to the terms of the Agreed Protective Order entered the __ day of December, 2018, in the case styled *Steven Aday v. Westfield Insurance Co, et al.,* Case No. 1:18-cv-00405, pending in the United States District Court for the Southern District of Ohio. I further declare that I have read a copy of the Agreed Protective Order, that I agree to be bound by all terms set forth in the Agreed Protective Order, and that I hereby submit to the jurisdiction of the aforesaid Court for the limited purpose of any proceeding to enforce the terms of the Agreed Protective Order.

_____
Date Signed

_____
Declarant's Signature

_____
Printed Name

_____
Address

_____
City, State, Zip Code